**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROSENDO TORRES, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONWIDE CREDIT, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Rosendo Torres brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Nationwide Credit, Inc.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**VENUE AND JURISDICTION**

3.       This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

4.      Venue and personal jurisdiction in this District are proper because:

   a.      Defendant's collection communications and activities impacted plaintiff within this District;

   b.      Defendant transacts business within this District;

   c.      Defendant is subject to personal jurisdiction within this District.

1

## PARTIES

5.      Plaintiff is an individual who resides in this District.

6.      Defendant Nationwide Credit, Inc. is a corporation with offices at 2015 Vaughn Rd. NW,  Bldg. 400, Kennesaw, GA 30144-7802.  It does business in Illinois.

7.      Defendant Nationwide Credit, Inc. is engaged in the business of a collection agency, collecting consumer debts allegedly owed to others.

8.      Defendant Nationwide Credit, Inc. regularly uses the mails and telephones to collect debts.

9.      Nationwide Credit, Inc. is a "debt collector" as defined in the FDCPA.

## FACTS

10.      On or about September 3, 2014, Nationwide Credit, Inc., sent plaintiff the letter attached as Exhibit A, seeking to collect an alleged residential mortgage debt (a second mortgage debt remaining after the first was foreclosed.)

11.      On or about October 30, 2014,  Nationwide Credit, Inc., sent plaintiff the letter attached as Exhibit B, seeking to collect on the same, above-referenced debt.

12.      Any such debt was incurred for personal, family or household purposes and not for business purposes.

13.      Exhibits A & B are form letters, filled out in a standardized manner.

14.      Exhibits A & B state that the current creditor is "BSSLT 2007-SV1 S/S."

15.      "BSSLT" is not the name of any entity.  On information and belief, based on investigation of counsel, it stands for "Bear Stearns Second Lien Trust."  On information and belief, BSSLT may be defunct or operating under a different name.

16.      The abbreviation has no meaning to the unsophisticated consumer.

17.      Exhibits A & B state, "Please note that the IRS may require that a Form 1099-C be filed for any cancelled debt of $600.00 or more.  Please consult your tax advisor for any tax related questions or concerns."

2

18.    This statement is false and misleading.

19.    Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> **(2) Interest. The discharge of an amount of indebtedness that is interest <u>is not required to be reported</u> under this section.**
>
> **(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal <u>is not required to be reported</u> under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).**

20.    It is thus entirely possible to forgive $600 or more of the debt and yet not be required to even file a 1099C.

21.    In addition, people who have lost homes through foreclosure are  unlikely to have income as a result of the settlement of a debt, in that such persons are likely to be insolvent (in their sense that their liabilities exceed their assets) and the discharge of indebtedness by someone who is insolvent is not income.

22.    Finally, the discharge of residential mortgage indebtedness often does not give rise to income under the Mortgage Forgiveness Debt Relief Act of 2007, which has been extended through tax year 2014.  26 U.S.C. §108 (a)(1)(E).

23.    Defendant gives erroneous and/or incomplete  tax advice to consumers.

24.    The purpose and effect of the statement is to suggest to the unsophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

## VIOLATIONS ALLEGED

25.    The statement in the letters about the IRS is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(l0).   *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 WL 5422103 (E.D. Pa., Oct. 27, 2014); *Wagner v. Client Services, Inc.*, No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998).

3

26.     Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

27.     The use of "BSSLT" is confusing, in violation of 15 U.S.C. §1692e.

## CLASS ALLEGATIONS

28.     Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and  23(b)(3).

29.     The class consists of (a) all individuals (b) to whom Nationwide Credit, Inc. sent a letter containing the same statement about form 1099-C as Exhibits A & B (c) on a residential mortgage debt, (d) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.   The subclass consists of class members whose creditor is identified as "BSSLT."

30.     On information and belief, based on the use of a form letter on behalf of a large creditor and the presence of bar codes (required to qualify for a discount with the Postal Service when more than 500 similar mail pieces are sent), the class and subclass each include more than 40 persons, and is so numerous that joinder of all members is not practicable.

31.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendant's statement about 1099-C filings and identification of the current creditor are false or misleading, and violate the FDCPA.

32.     Plaintiff's claim is typical of the claims of the class members.  All are based on

4

the same factual and legal theories.

33.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has

retained counsel experienced in class actions and FDCPA litigation.

34.    A class action is superior for the fair and efficient adjudication of this matter, in

that:

         a.    Individual actions are not economically feasible;

         b.    Members of the class are likely to be unaware of their rights;

         c.    Congress intended class actions to be the principal enforcement

           mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and

against defendant for:

         i.    Statutory damages;

         ii.   Attorney's fees, litigation expenses and costs of suit;

         iii.  Such other and further relief as the Court deems proper.


      s/ Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya G. Farbstein
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

5

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya G. Farbstein
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman